1  Daniel F. Fears, State Bar No. 110573
   dff@paynefears.com
2  Andrew K. Haeffele, State Bar No. 258992
   akh@paynefears.com
3  Megan A. Mackie, State Bar No. 325004
   mam@paynefears.com
4  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
5  Irvine, California 92614
   Telephone: (949) 851-1100
6  Facsimile: (949) 851-1212

7  Attorneys for Wal-Mart Associates, Inc.

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 KRISTINA SEALS, an individual,          Case No. 2:22-CV-6144

12         Plaintiff,                       **PETITION AND NOTICE OF
                                            REMOVAL OF CIVIL ACTION
13      v.                                  UNDER 28 U.S.C. §§ 1331 AND 1441**

14 WAL-MART ASSOCIATES, INC., a
   Delaware Corporation; and DOES 1
15 THROUGH 50, inclusive ,

16         Defendants.

17

18    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

19 **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, AND HER COUNSEL**

20 **OF RECORD:**

21

22    PLEASE TAKE NOTICE that Defendant Wal-Mart Associates, Inc.

23 ("Walmart") hereby removes this action from the Superior Court of the State of

24 California for the County of Los Angeles to the United States District Court for the

25 Central District of California, on the following grounds:

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I.   **INTRODUCTION**

1.     This Court has jurisdiction over this action because complete diversity exists between Plaintiff and Defendant Walmart.

2.     Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3.     Defendant Walmart is now, and was at the time this action was commenced, a citizen of the State of Arkansas and a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332. At all material times, Walmart was a corporation organized under the laws of the State of Delaware, and at all material times Walmart has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas.

4.     Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty (30) days of service of the Summons and Complaint upon Walmart, in which diversity of citizenship is apparent.

## II.   **THE STATE COURT ACTION**

6.     On or about June 7, 2022, Plaintiff filed an action against Walmart titled "KRISTINA SEALS, Plaintiff vs. WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive, Defendants," in the Superior Court of the State of California, County of Los Angeles, Case No. 22TRCV00451 (the "State Court Action"). Plaintiff served Walmart with copies of the Summons and Complaint, through its agent for service of process on July 29, 2022. A true and correct copy of the Summons, Complaint, and Proof of Service of Summons is attached hereto as **Exhibit A.** Walmart was also served with a Notice of Case Management Conference and an Order to Show Cause regarding Plaintiff's failure to file a proof of service on July 29, 2022. True and correct copies of these documents are attached hereto as **Exhibit B.**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

7.      On August 26, 2022, Walmart timely filed an Answer to the Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit C.**

8.      The Summons, Complaint, Notice of Case Management Conference, Order to Show Cause, Proof of Service, and Answer constitute the pleadings, process, and orders served upon or by Walmart in the State Court Action.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND WALMART

9.      The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

10.     Plaintiff is now, and was at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. (*See* Exh. A at ¶ 3; *see also Kanter v. Warner-Lambert Co*., 265 F.3d 853 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain to which she intends to return.").)

11.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010).

12.     Walmart is now, and was at all material times, a corporation organized under the laws of the State of Delaware. (Declaration of Megan A. Mackie ("Mackie decl.") at ¶ 2, Exh. A.) Walmart is therefore a citizen of the State of Delaware.

13.     Walmart is now, and was at all material times, headquartered in Bentonville, Arkansas. (*Id*.) Walmart's officers and directors are employees whose offices are located as its headquarters in Bentonville, Arkansas. Walmart's high-level officers direct, control, and coordinate the corporation's activities from Walmart's headquarters in Bentonville, Arkansas. And Walmart performs the vast

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

majority of its executive and administrative functions at its headquarters in Bentonville, Arkansas. Walmart is therefore a citizen of the State of Arkansas, because its principal place of business is Bentonville, Arkansas. 28 U.S.C. § 1332(c); *Hertz Corp.,* 130 S.Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities").

14.     Therefore, for the purpose of determining jurisdiction, Walmart was not (and is not) a citizen of the State of California. Rather, it was (and is) a citizen of the States of Delaware and Arkansas.

15.     "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.* 157 F. 3d 686, 690-691 (9th Cir. 1998).

16.     Accordingly, complete diversity exists between Plaintiff and Walmart.

## IV.    <u>THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM</u>

17.     The jurisdictional minimum amount that must be in controversy (over $75,000) was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceeds $75,000").

18.     In her Complaint, Plaintiff alleges the following causes of action: (1) Discrimination on the Basis of Race in Violation of Gov. Code § 12940(a); (2)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   Harassment on the Basis of Race in Violation of Gov. Code § 12940(j); (3)

2   Retaliation on the Basis of Race in Violation of Gov. Code § 12940(h); (4) Failure

3   to Prevent Discrimination in Violation of Gov. Code § 12940(k); (5) Violation of

4   the California Family Rights Act ("CFRA"); (6) Interference with Exercise of

5   CFRA Rights ; (7) Retaliation for Exercise of CFRA Rights.; (8) Retaliation for

6   Reporting Illegal Activity (Cal. Labor Code. section 1102.5); and (9) Wrongful

7   Termination.

8       19.     In assessing the amount in controversy, this Court may, for removal

9   purposes, look to the removal papers and the pleadings, as well as summary

10  judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416

11  (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005);

12  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*

13  *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

14      20.     Walmart discusses below the allegations in Plaintiff's complaint solely

15  to demonstrate that the amount in controversy in this matter exceeds $75,000.

16  Walmart denies that Plaintiff is entitled to any damages and denies that Plaintiff will

17  be able to recover on any of her theories of recovery.

18  **A.**   **The Amount in Controversy Measured by the Damages and**

19          **Attorneys' Fees "At Stake" in the Litigation Confirms that the**

20          **Jurisdictional Minimum is Met**

21      21.     In measuring the amount in controversy for purposes of diversity

22  jurisdiction, "a court must assume that the allegations of the complaint are true and

23  assume that a jury will return a verdict for the plaintiff on all claims made in the

24  complaint." *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (quotations omitted).

25  In addition, the Court should aggregate damages in determining whether the

26  controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber*

27  *Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single

28

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

22.    Additionally, as the Ninth Circuit explained in *Chavez*, "the amount in controversy is not limited to damages incurred prior to removal--for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-15.

23.    Here, Plaintiff seeks to recover (1) general, compensatory, and special damages; (2) punitive damages, (3) damages for severe emotional distress, (4) back pay, front pay, (5) attorneys' fees, and (6) costs of suit. (*See* Exh. A at Prayer for Relief.)

### 1.    Economic Damages

24.    Plaintiff seeks economic damages associated with loss of earnings. (*See* Exh. A at ¶ 28 and Prayer for Relief ¶ d.) At the time of her separation (April 11, 2022), Plaintiff's hourly rate was $18.35. (Declaration of Angelica Soto at ¶ 3.)

25.    Plaintiff was part-time and worked approximately 80 hours in the last four months of her employment (January 2022 – April 2022). (*Id*.) Thus, Plaintiff earned approximately $400 per month.[1]

26.    Thus, by the time this case is statistically likely to be resolved at trial (August 2024, or 23.5 months from the date of filing),[2] Plaintiff's lost wages will

[1] 80 hours multiplied by 18.35 and then divided by 4, rounded to the nearest hundred.

[2] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to trial is 23.5 months. (Mackie decl. at ¶ 3, Exh. B.) Walmart requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

exceed **$ 11,000.**[3] This is a conservative estimate based on Plaintiff's low hours during the last four months of employment.

### 2.   Emotional Distress Damages

27.   Plaintiff asserts throughout her complaint that she is entitled to "emotional distress" damages "in a sum to be proven at trial." (*See* Exh. A, ¶¶ 29, 42, 56, 70, 84, 97, 108, 118, 129, and 137.)

28.   A review of jury verdicts in California demonstrates that emotional distress awards in race discrimination or retaliation cases commonly exceed $75,000:

• *Massey v. City of Long Beach*, Los Angeles County Superior Court Case No. BC518178 (verdict date of September 2015): pain and suffering award of $520,119 in race discrimination and harassment case;

• *Gibbs v. Boeing Satellite Systems, Inc.*, Los Angeles Superior Court Case No. BC277075 (verdict date of July 2004): pain and suffering award of $600,000 in race discrimination and retaliation case;

• *Evans v. Federal Express*, 2006 WL 4543813 (N.D. Cal.): pain and suffering award of $475,000 in race discrimination case;

• *Campbell v. Amtrak*, 2009 WL 1749192 (N.D. Cal.): awarding $676,000 in race discrimination case;

• *Alvarado v. Federal Express Corp.*, 2006 WL 2861221 (N.D. Cal.): emotional distress damages of $250,000 in harassment, retaliation and constructive discharge case;

• *Peoples v. County of Contra Costa*, 2009 WL 569552 (N.D. Cal.): awarding $275,000 in non-economic damages in race discrimination case.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

[3] $400 in monthly wages multiplied by 28 months between termination (April 11, 2022) and expected trial date (August 2024).

29.     Plaintiff's allegations that she was discriminated against and wrongfully terminated because of her race are similar to the issues in these cases. Thus, it is entirely conceivable that her emotional distress damages will far exceed the requisite $75,000 amount in controversy.

### 3.     Attorneys' Fees

30.     Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees, (Exh. A at ¶ 31 and Prayer for Relief, ¶ e), which are authorized for the prevailing party pursuant to the Fair Employment and Housing Act.

31.     As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total possible* recovery, and not just fees incurred as of the time of removal. *Chavez supra* 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc*., No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date--resolving a previously unresolved question.").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

32.     Should Plaintiff prevail on one or more of her causes of action it is likely that a potential attorneys' fees award would exceed the $75,000 jurisdictional minimum. This is particularly true because California courts routinely award substantial attorneys' fees to prevailing plaintiffs in discrimination and retaliation lawsuits. *See e.g.*:

- ***Kell v. Autozone, Inc.*** (Sacramento County Superior Court Case No. 34-2011-00111743; fee award date of June 9, 2010): **$767,562.50**.  In *Kell*, the plaintiff alleged his employer retaliated against him by terminating him after he complained of unlawful harassment and discrimination in the workplace.  The jury returned a verdict in the plaintiff's favor and awarded him $1,368,275 in damages.  The court awarded the plaintiff $767,562.50 in attorneys' fees.

Here, like *Kell*, Plaintiff alleges that Walmart retaliated against her because he complained of discrimination and harassment.  (Complaint, ¶93.)

- ***Simmons v. PCR Technology***, 209 F. Supp. 2d 1029 (N.D. Cal. 2002).  In *Simmons*, the plaintiff alleged that he was subjected to discrimination and retaliation because of his race.  Defendant removed to federal court on diversity grounds.  The plaintiff then moved for remand, arguing defendant had failed to satisfy the amount in controversy requirement.  The Northern District denied remand, explaining defendant had satisfied the amount in controversy requirement by estimating reasonable lost wages and other compensatory damages, punitive damages, emotional distress damages, cost of reinstatement, and attorney' fees.  *Id*. at 1031.  Regarding attorneys' fees, the Northern District explained:

> "Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages." *Id*. at 1035.

33.     Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

attendance (45 hours) occurs in this case billed at a rate of $300 (an average junior associate rate), equals $46,500 in fees, it is likely that an attorneys' fee award alone would exceed $75,000 (if Plaintiff were to prevail at trial). It is, at the very least, plausible that an attorneys' fee award in this matter will exceed $75,000.

### 4.   Punitive Damages

34.    Lastly, Plaintiff seeks to recover punitive damages against Walmart, a company of considerable size and resources. (Exh. A at ¶ 30 and Prayer for Relief, ¶ b.) Although Walmart denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

35.    To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

36.    Notably, the facts of "comparator cases" relied upon by a removing Defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" examples, not identical cases."); *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017) (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D. Cal. 2017) (same).

37.    Here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See e.g.*:

- ***Evans v. Federal Express***, N.D. Cal. Case No. 2006 WL 4543813 (N.D. Cal.): awarding **$475,000** in punitive damages in race discrimination case;

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

- ***Peoples v. County of Contra Costa,*** 2009 WL 569552 (N.D. Cal.): awarding **$100,000** in punitive damages in race discrimination case;

- ***Fitzpatrick v. Hon Hai Precision Industry Co. Ltd.,*** Orange County Superior Court Case No. 06CC02832 (verdict date of July 2008): awarding **$825,000** in punitive damages in race discrimination and retaliation case;

- ***Gibbs v. Boeing Satellite Systems, Inc.,*** Los Angeles Superior Court Case No. BC277075 (verdict date of July 2004): awarding **$100,000** in punitive damages in race discrimination and retaliation case.

38.     Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V.   **REMOVAL IS TIMELY**

39.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because this action is being removed within (30) days of service of the Summons and Complaint upon Walmart in which diversity of citizenship is apparent. (*See* Exh. A.)

## VI.   **CONCLUSION**

40.     For the reasons stated above, this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441.

41.     Accordingly, Walmart may remove the action to this Court pursuant to 28 U.S.C. § 1441. Therefore, Walmart respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. §§ 1332, 1441 and 1446.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DATED:  August 29, 2022

PAYNE & FEARS LLP
Attorneys at Law


By: _____/s/ *Megan A. Mackie*_____
        DANIEL F. FEARS
        ANDREW K. HAEFFELE
        MEGAN A. MACKIE

Attorneys for Wal-Mart Associates, Inc.

4891-9260-0879.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441