# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/29/2022
CT Log Number 542018236

## Service of Process Transmittal Summary

**TO:**    KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**    **Process Served in California**

**FOR:**    Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SEALS KRISTINA, an individual // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Exhibit(s), Letter(s), Attachment(s), Notice(s), Certificate(s), Order(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Southwest District, CA<br>Case # 22TRCV00451 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 04/11/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/29/2022 at 12:55 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Graham S.P. Hollis<br>GRAHAMHOLLIS APC<br>3555 Fifth Avenue, Suite 200<br>San Diego, CA 92103<br>619-692-0800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/30/2022, Expected Purge Date: 08/09/2022<br><br>Image SOP<br><br>Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/29/2022
CT Log Number 542018236

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Fri, Jul 29, 2022
**Server Name:**                       Mario Hernandez

| Entity Served | WAL-MART ASSOCIATES, INC. |
|---|---|
| Case Number | 22TRCV00451 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2022 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes, Deputy Clerk

22TRCV00451

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1
THROUGH 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KRISTINA SEALS, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>Torrance Courthouse<br>825 Maple Ave, Torrance, CA 90503 | CASE NUMBER:<br>*(Número del Caso):*<br>**22TRCV00451** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Graham S.P. Hollis (SBN 120577)/Hali M. Anderson (SBN 261816)/Alyssa L. Smith (PL-510067)     (619)692-0800
GRAHAMHOLLIS APC, 3555 Fifth Avenue, Suite 200, San Diego, CA 92103

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 06/07/2022 | Clerk, by<br>*(Secretario)* T. Rhodes | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Wal-Mart Associates, Inc, a Delaware Corporation

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2022 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

1 | GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
2 | ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
3 | vcordero@grahamhollis.com
Hali M. Anderson (SBN 261816)
4 | handerson@grahamhollis.com
Alyssa L. Smith (PL-510067)
5 | asmith@grahamhollis.com
3555 Fifth Avenue, Suite 200
6 | San Diego, California 92103
Telephone: 619.692.0800
7 | Facsimile: 619.692.0822

8 | *Attorneys for Plaintiff Kristina Seals*

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **COUNTY OF LOS ANGELES**

| | |
|---|---|
| 11 KRISTINA SEALS, an individual, | Case No.: **22TRCV00451** |
| 12        Plaintiff, | *Unlimited Civil –*<br>*Amount Demanded Exceeds $25,000.00* |
| 13    v. | |
| 14 WAL-MART ASSOCIATES, INC., a | **PLAINTIFF'S COMPLAINT FOR:** |
| 15 Delaware Corporation; and DOES 1<br>THROUGH 50, inclusive, | 1.  DISCRIMINATION ON THE BASIS OF<br>    RACE [Cal. Gov. Code § 12940(a)]; |
| 16        Defendants. | 2.  HARASSMENT ON THE BASIS OF RACE<br>    [Cal. Gov. Code § 12940(j)]; |
| 17 | 3.  RETALIATION FOR OPPOSING<br>    DISCRIMINATION AND HARASSMENT |
| 18 | ON THE BASIS OF RACE [Cal. Gov. Code<br>    § 12940(h)]; |
| 19 | 4.  FAILURE TO PREVENT<br>    DISCRIMINATION, HARASSMENT, AND |
| 20 | RETALIATION [Cal. Gov. Code §<br>    12940(k)]; |
| 21 | 5.  VIOLATION OF THE CALIFORNIA<br>    FAMILY RIGHTS ACT ("CFRA") [Cal. |
| 22 | Gov. Code § 12945.2]; |
| 23 | 6.  INTERFERENCE WITH EXERCISE OF<br>    CFRA RIGHTS [Cal. Gov. Code § 12945.2,<br>    *et al.*]; |
| 24 | 7.  RETALIATION FOR EXERCISE OF CFRA<br>    RIGHTS [Cal. Gov. Code § 12945.2, *et al.*]; |
| 25 | 8.  RETALIATION FOR REPORTING<br>    ILLEGAL ACTIVITY [Cal. Lab. Code § |
| 26 | 1102.5]; and |
| 27 | 9.  WRONGFUL TERMINATION IN<br>    VIOLATION OF PUBLIC POLICY. |
| 28 | **[JURY TRIAL DEMANDED]** |

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1

INDIVIDUAL COMPLAINT

Plaintiff Kristina Seals ("Plaintiff" or "Ms. Seals") brings this individual action against Defendant Wal-Mart Associates, Inc. ("Wal-Mart"), and DOES 1 through 50, inclusive (collectively, "Defendants"), on the following grounds:

## INTRODUCTION

1.      Plaintiff brings this individual action against Defendants for its alleged discrimination on the basis of race, harassment on the basis of race, retaliation for opposing discrimination and harassment on the basis of race, failure to take reasonable steps to prevent discrimination, harassment, and retaliation, violation of the California Family Rights Act ("CFRA"), interference with Plaintiff's exercise of CFRA rights, and retaliation for exercise of CFRA rights under the Fair Employment and Housing Act ("FEHA"), codified in California Government Code ("Government Code") §§ 12940, *et seq.*; unlawful retaliation in violation of California Labor Code ("Labor Code") § 1102.5; as well as wrongful termination in violation of public policy. This action arises out of events that occurred during Plaintiff's employment with Wal-Mart.

2.      Plaintiff seeks to recover, among other things, statutory, compensatory, and punitive damages, statutory penalties, interest as allowed by law, injunctive relief, attorneys' fees, and other appropriate and just relief for Defendants' illegal conduct.

## THE PARTIES

3.      Plaintiff is a natural person who is, and at all relevant times was, a resident of the United States, and domiciled in the County of Los Angeles in the State of California.

4.      Wal-Mart, a corporation organized under the laws of the State of Delaware, operates a chain of hypermarkets (also called supercenters), discount department stores, and grocery stores from the United States operating under the laws of the state of California.

5.      At all relevant times, Defendants were covered by and subject to suit under the FEHA. On information and belief, Wal-Mart employs in excess of five (5) employees.

6.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff will amend this Individual Complaint, setting forth the true names and capacities of these fictitiously named

GRAHAMHOLLIS APC
355 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  defendants when their true names are ascertained.

2      7.      Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious

3  defendants have participated in the acts and/or omissions alleged in this Individual Complaint.

4      8.      At all times mentioned herein, each named defendant, including each fictitiously named

5  defendant, acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of each of

6  the other defendants, and in doing the things alleged herein acted within the course and scope of such

7  agency, employment, alter-ego and/or in furtherance of the joint venture.

8      9.      At all times mentioned herein, the acts and/or omissions of each of the named defendants,

9  including each fictitiously named defendant, concurrently contributed to the various acts and/or omissions

10  of each and every one of the other defendants, including each fictitiously named defendant, in proximately

11  causing the wrongful conduct, harm, and/or damages alleged herein. Each of the named defendants,

12  including each fictitiously named defendant, approved of, condoned, and/or otherwise ratified each and

13  every one of the acts and/or omissions complained herein. Each named defendant, including each

14  fictitiously named defendant, were and are acting with authority of each and every other defendant and/or

15  are acting as agents of each and every other named defendant or Doe defendant.

16              **JURISDICTION AND VENUE**

17      10.      This Court has subject matter jurisdiction over this action pursuant to California Code of

18  Civil Procedure ("Code of Civil Procedure") section 410.10 and because the monetary damages and

19  restitution sought herein for Defendants' conduct exceeds the minimum jurisdictional limits of the

20  Superior Court.

21      11.      This Court has personal jurisdiction over Defendants, because Defendants operate its retail

22  stores in the state of California and have caused injuries in the county of Los Angeles, as well as

23  throughout the state of California, through its acts, omissions, and violation of the California Labor Code,

24  California Government Code, and public policy.

25      12.      Venue is proper in Los Angeles County pursuant to Code of Civil Procedure §§ 395(a) and

26  395.5 because Defendants are domiciled in Los Angeles County, transact substantial business in Los

27  Angeles County, and the unlawful acts alleged herein occurred in Los Angeles County.

28  ///

3

### SPECIFIC FACTUAL ALLEGATIONS

13.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

#### *Plaintiff's Hiring*

14.     Plaintiff began her employment with Defendants, often referred to as "Walmart Neighborhood Market," at its Hawthorne location ("Walmart NHM #5604") on September 3, 2014. Plaintiff held that position for approximately seven (7) years until she was wrongfully terminated on April 11, 2022. Plaintiff was hired for the Temporary Associate/Cashier position.

15.     Plaintiff was one of the only African American female employees at her location. In fact, Plaintiff was employed at a Wal-Mart location that was primarily comprised of Hispanic male employees. Even the Store Manager, i.e., Plaintiff's direct supervisor, was a Hispanic male.

16.     Throughout the Complainant's employment, she was subjected to harassment, discrimination, and retaliation based on her race.

#### *Plaintiff's Job Performance*

17.     Although Plaintiff was consistently rated a "Solid Performer throughout her seven (7) years of employment," as indicated in her Wal-Mart's employee evaluations, she was always overlooked for promotions.

18.     To be considered for promotions, employees had to take a test for the desired position on "Team Lead and Academy Trainer, Wal-Mart's employment web portal. If the employee received a "competitive" result, they should automatically be given the opportunity to interview for the position.

19.     Although Plaintiff always received "competitive" results, Wal-Mart refused to let her interview. In fact, Plaintiff was not promoted to her first full-time permanent role as a Customer Service Desk Associate until March 3, 2017.

#### *Defendants' Adverse Employment Actions and Behavior*

20.     Plaintiff was subjected to harassment, discrimination, and retaliation based on her race. For example, it was only after Plaintiff made several complaints to Human Resources ("HR"), that Plaintiff was finally given the opportunity to interview for the Customer Service Manager position. Due to her solid performance record, Plaintiff was promoted to the Customer Service Manager position on December

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  26, 2018.

2      *21.*     Unfortunately, Maurico, the Store Manager, was upset by Plaintiff's promotion and the

3  discrimination, harassment, and retaliation worsened. For example, Defendants began to improperly

4  deducted her accrued PTO hours, and lodge false "write-ups" and "coaching" complaints against her for

5  events that never occurred, which resulted in false "negative points" being added to her employment file.

6      22.     On November 24, 2020, Plaintiff requested a private meeting with Maurico, the Store

7  Manager. Mauricio, who was visibly upset, approached Plaintiff in front of customers and yelled, "What

8  do I want?" Plaintiff asked Mauricio why she was being treated in this manner. He responded, "You are

9  100% not and will never be good enough."

10     23.     In December 2020, Plaintiff began to alert Wal-Mart's Corporate Headquarters of the

11  discrimination, harassment, and retaliation she endured. Corporate Headquarters investigated Plaintiffs

12  claims and confirmed the write-ups and coaching were false and restored her points.

13     24.     From January 2021 to March 2021, Plaintiff began to be followed around the store and

14  harassed more by Mauricio and the other employees. When she asked Miguel, the Loss Prevention

15  Associate, why he was following her, he replied that Mauricio directed the employees to "follow" Plaintiff

16  around the store to "watch her."

17     25.     In addition, several employees confirmed that Mauricio informed them that he planned to

18  "get rid of Plaintiff to ensure that only Hispanic employees got management positions." Plaintiff also

19  started to be ostracized by her colleagues and her hours were being reduced.

20     26.     From April 7, 2021 to May 14, 2021, Plaintiff was placed on stress leave by her physician.

21     27.     When Plaintiff returned from stress leave, she was demoted to a part-time Front End

22  Services TA position, reduced from a full-time to a part-time employee, given another false write-up, and

23  ultimately terminated on April 11, 2022.

24     28.     **Economic damages:** As a consequence of Defendants' conduct, Plaintiff has suffered and

25  will suffer harm, including lost past and future income and employment benefits, damage to her career,

26  and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal

27  rate from and after each payday on which those wages should have been paid, in a sum to be proven at

28  trial.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

5

29.     **Non-economic damages:** As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

30.     **Punitive damages:** Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus entitles Plaintiff to an award of exemplary and/or punitive damages.

i.     *Malice:* Defendants' conduct was committed with Malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to the Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or by taking adverse job actions against Plaintiff because of her race, national origin, color, ... and/or good faith complaints, and or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful termination.

ii.     *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning California Civil Code section 3294, including that Defendants' actions against plaintiff because of her race, national origin, color, ... and/or goof faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of discrimination, harassment, retaliation, and wrongful employment termination.

iii.     *Fraud:* In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Defendants asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

31.     **Attorneys' Fees:** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of Defendants' conduct.

32.     **Exhaustion of Administrative Remedies:** Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the California Department of Fair Employment and Housing ("DEFH") on June 7, 2021, and amended administrative complaint, to include her wrongful termination claims, on June 7, 2022, thereafter receiving DFEH "Right to Sue"

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

6

1   letters. True and correct copies of Plaintiff's June 7, 2021 "Right to Sue" letter and Plaintiff's June 7, 2022

2   "Right to Sue" letter are attached hereto as **Exhibit 1** and incorporated herein by reference.

3       33.     Plaintiff believes that additional violations may be discovered and therefore reserves her

4   right to allege additional violations of the law as investigation and discovery warrants. In the event

5   Plaintiff discovers additional violations, she will seek to amend the operative complaint as necessary.

6                            **FIRST CAUSE OF ACTION**

7                   **(By Plaintiff Against All Defendants and/or Does 1 to 50)**

8                   **DISCRIMINATION ON THE BASIS OF RACE**

9                        **[Cal. Gov't. Code § 12940(a)]**

10      34.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all

11  paragraphs of this Individual Complaint.

12      35.     The FEHA broadly prohibits discrimination against employees who belong to a "protected

13  class," such as race. (Cal. Gov. Code §§ 12940, *et seq.*) Specifically, the FEHA prohibits employers from

14  discriminating against an employee "in compensation or in terms, conditions, or privileges of

15  employment" because of the race of that employee. (Cal. Gov. Code § 12940(a).)

16      36.     Indeed, the California Supreme Court has held that one's right to be free from

17  discrimination ... in the workplace is "fundamental." (See *Brown v. Superior Court* (1984) 37 Cal.3d

18  477.)

19      37.     Plaintiff is a member of a class protected by FEHA because she identifies her race as being

20  African American. The Wal-Mart location Plaintiff worked at was primarily comprised of Hispanic male

21  employees.

22      38.     Defendants, through their supervisors, agents and/or employees, engaged in a pattern and

23  practice of unlawful discrimination on the basis of race in connection with the terms and conditions of

24  Plaintiff's employment. For instance, although Plaintiff was consistently rated a "Solid Performer"

25  throughout her seven (7) years of employment," as indicated in her employee evaluations, she was always

26  overlooked for promotions. Although Plaintiff always received "competitive" results, Wal-Mart refused

27  to let her interview. In fact, Plaintiff was not promoted to her first full-time permanent role as a Customer

28  Service Desk Associate until March 3, 2017, approximately three (3) years into her employment. It was

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

7

1  not until after she made several complaints to HR, that Plaintiff was finally given the opportunity to

2  interview and was subsequently promoted to the Customer Service Manager position on December 26,

3  2018. Unfortunately, the Store Manager was upset about Plaintiff's promotion and as a result the

4  discrimination, harassment, and retaliation worsened. For example, Defendants improperly deducted

5  Plaintiff's accrued PTO hours, and lodged false "write-ups" and "coaching" complaints against her for

6  events that never occurred, which resulted in false "negative points" being added to her employment file.

7  In addition, from January 2021 to March 2021, Plaintiff was followed around the store and harassed more

8  by the Store Manager and other employees. When Plaintiff asked the Loss Prevention Associate why he

9  was following her, he replied that the Store Manager directed the employees to "follow" Plaintiff around

10 the store to "watch her." In addition, several employees confirmed that the Store Manager informed them

11 that he planned to "get rid of Plaintiff to ensure that only Hispanic employees got management positions."

12 Plaintiff also started to be ostracized by her colleagues and her hours were being reduced.

13      39.    Based on information and belief, other employees similarly situated to Plaintiff did not

14 suffer the aforementioned adverse employment actions. Specifically, the other employees were not

15 constantly being overlooked for promotions, having false write-ups and coaching lodged against them for

16 events that never occurred, receiving negative points for events that never occurred, getting reprimanded

17 in front of customers and colleagues, being demoted for taking approved CFRA leave, nor wrongfully

18 terminated for lodging bona-fide complaints with HR and the Corporate Headquarters.

19      40.    As set forth above, Defendants, including their supervisors, agents, and/or employees,

20 engaged in and/or ratified, by their actions and/or inaction, through their employees and/or supervisors,

21 acts of discrimination against Plaintiff based upon her protected class.

22      41.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

23 has sustained and continues to sustain substantial losses in earnings, related employment benefits, and

24 employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an

25 amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

26      42.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

27 has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and

28 physical pain and anguish, all to her damage in a sum to be established according to proof.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

8

INDIVIDUAL COMPLAINT

43.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to be determined at trial.

44.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code § 12965(b).

45.     Plaintiff requests further relief as described in the below prayer.

## SECOND CAUSE OF ACTION

### (Plaintiff Against All Defendants and/or Does 1 to 50)

### HARASSMENT ON THE BASIS OF RACE

### [Cal. Gov't. Code § 12940(j)]

46.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

47.     The FEHA broadly prohibits discrimination, harassment, and retaliation against employees who belong to a "protected class," such as race, color, and/or national origin. (Cal. Gov't. Code §§ 12940, *et seq.)*

48.     More specifically, the FEHA, prohibits an employer, ... or any other person, from harassing employees on the basis of race, color, and/or national origin, and further imposes a duty on employers to prevent harassment on the basis of race, color, and/or national origin from occurring. (Cal. Gov't Code § 12940(j)(1).)

49.     Moreover, the California Supreme Court has held that one's right to be free from discrimination and harassment in the workplace is "fundamental." (See *Brown v. Superior Court* (1984) 37 Cal.3d 477.) Accordingly, the FEHA's protections are decisively extensive as supervisors or other co-employees can be also be held personally liable for any type of prohibited harassment under FEHA. (Cal. Gov't Code § 12940(j)(3).)

50.     Plaintiff is a member of a class protected by FEHA because she identifies her race as being African American. The Wal-Mart location Plaintiff worked at was primarily comprised of Hispanic male employees.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

9

51.     Defendants, through their supervisors, agents and/or employees, engaged in a pattern and practice of unlawful harassment on the basis of race in connection with the terms and conditions of Plaintiff's employment. For example, Defendants repeatedly improperly deducted Plaintiff's accrued PTO hours, and lodged false "write-ups" and "coaching" complaints against her for events that never occurred, which resulted in false "negative points" being added to her employment file. In addition, from January 2021 to March 2021, Plaintiff was followed around the store and harassed by the Store Manager and other employees. When Plaintiff asked the Defendant's Loss Prevention Associate why he was following her, he replied that the Store Manager directed the employees to "follow" Plaintiff around the store to "watch her." In addition, several employees confirmed that the Store Manager informed them that he planned to "get rid of Plaintiff to ensure that only Hispanic employees got management positions." Plaintiff also started to be ostracized by her colleagues and her hours were being reduced. On November 24, 2020, when Plaintiff tried to meet privately with the Store Manager to ask him why she was being treated so terribly and inquire as to why she was not being promoted at the same rate as other employees, the Store Manager, who was visibly upset, cut Plaintiff off in front of customers and yelled, "What do I want?" When Plaintiff tried to respond, the Store Manager refused to let her speak and instead screamed, "You are 100% not and will never be good enough." As a result of Defendants blatant discrimination and harassment, Plaintiff was placed on stress leave from approximately April 7, 2021 to May 14, 2021. When she returned, she was demoted to a part-time Front End Services TA position, given another false write-up, and ultimately wrongfully terminated on April 11, 2022.

52.     Plaintiff believes that her race, color, and/or national origin, and/or some combination of these protected characteristics under the FEHA were substantial motivating factors in Defendants' decision to subject Plaintiff to the aforementioned harassment.

53.     Based on information and belief, other employees similarly situated to Plaintiff did not suffer the aforementioned adverse employment actions. Specifically, the other employees were not constantly being overlooked for promotions, having false write-ups and coaching lodged against them for events that never occurred, receiving negative points for events that never occurred, getting reprimanded in front of customers and colleagues, being demoted for taking approved CFRA leave, nor wrongfully terminated for lodging bona-fide complaints with HR and the Corporate Headquarters.

10

INDIVIDUAL COMPLAINT

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

54.     As set forth above, Defendants, including their supervisors, agents, and/or employees, engaged in and/or ratified, by their actions and/or inaction, through their employees and/or supervisors, acts of harassment against Plaintiff based upon her protected class.

55.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, related employment benefits, and employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

56.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

57.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to be determined at trial.

58.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code § 12965(b).

59.     Plaintiff requests further relief as described in the below prayer.

### THIRD CAUSE OF ACTION

**(Plaintiff Against All Defendants and/or Does 1 to 50)**

**RETALIATION FOR OPPOSING DISCRIMINATION AND HARASSMENT**

**ON THE BASIS OF RACE**

**[Cal. Gov't Code §§12940(h)]**

60.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

61.     The FEHA prohibits retaliation against any person for making a complaint under the FEHA, assisting another in making such a complaint, or for opposing any action in the workplace that would constitute an action of the FEHA, i.e., engaging in a "protected activity." (Cal. Gov. Code § 12940(h).) A protected activity may include making a charge, testifying, assisting, or participating in any

11

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  manner in proceedings or hearings under FEHA statutes, or opposing acts made unlawful by FEHA

2  statutes. (*Ibid.*)

3      62.      Further, an employee who honestly and reasonably believes that an employer is committing

4  a wrong recognized by California law may not be terminated for trying to oppose or report that behavior.

5  (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1044.)

6      63.      An employee "need not explicitly and directly inform their employer that they believe the

7  employer's conduct was discriminatory or otherwise forbidden by FEHA." (*Castro-Ramirez v.*

8  *Dependable Highway Express, Inc.* (2016) 2 Cal.App.5th 1028, 1046.) Rather, the relevant inquiry is

9  "whether the employee's communications to the employer sufficiently convey the employee's reasonable

10  concerns that the employer has acted or is acting in an unlawful discriminatory manner." (*Husman v.*

11  *Toyota Motor CreditCorp.* (2017) 12 Cal.App.5th 1168, 1193.)

12      64.      Plaintiff was engaged in the protected activity of opposing and reporting harassing and

13  discriminatory conduct to Defendants' HR Department and Corporate Headquarters. Specifically, Plaintiff

14  lodged several complaints to Defendants HR Department regarding the discrimination and harassment she

15  endured, to no avail. In December 2020, Plaintiff began to alert Defendants' Corporate Headquarters of

16  the discrimination, harassment, and retaliation she endured. Each time that Defendants' Corporate

17  Headquarters investigated Plaintiff's claims, it confirmed Plaintiff's allegations that the write-ups and

18  coaching were false and unwarranted, and subsequently restored her points. Even though Defendants'

19  claim that Plaintiff received her fifth (5th) and on her final point via Defendants point system was

20  unsubstantiated and later overturned by Defendants' Corporate Headquarters, Defendants still wrongfully

21  terminated Plaintiffs' employment.

22      65.      As a result of Plaintiff reporting and opposing unlawful discrimination and harassment,

23  Defendants subjected Plaintiff to oppressive retaliatory actions and conduct, including overlooking her

24  for promotions, creating a hostile work environment, reprimanding her in front of Defendants customers

25  and her colleagues, lodging false complaints and coaching against her, alienating her from her peers,

26  subjecting her to intolerable working conditions, adversely affecting her ability to perform her job

27  responsibilities, demoting her, and other such adverse employment actions, which ultimately resulted in

28  her wrongful termination.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

12

66.    Plaintiff believes that her race, color, and/or national origin, and/or some combination of these protected characteristics under the FEHA were substantial motivating factors in Defendants' decision to subject Plaintiff to the aforementioned harassment.

67.    Based on information and belief, other employees similarly situated to Plaintiff did not suffer the aforementioned adverse employment actions. Specifically, the other employees were not constantly being overlooked for promotions, having false write-ups and coaching lodged against them for events that never occurred, receiving negative points for events that never occurred, getting reprimanded in front of customers and colleagues, being demoted for taking approved CFRA leave, nor wrongfully terminated for lodging bona-fide complaints with HR and the Corporate Headquarters.

68.    Defendants' egregious retaliatory actions violated the FEHA's protections against retaliation for employees who oppose discrimination and/or harassment on the basis of race, and such violations were a proximate cause in Plaintiff's damages, as stated below.

69.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, related employment benefits, and employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

70.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

71.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to be determined at trial.

72.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code § 12965(b).

73.    Plaintiff requests further relief as described in the below prayer.

///

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

13

INDIVIDUAL COMPLAINT

**FOURTH CAUSE OF ACTION**

**(Plaintiff Against All Defendants and/or Does 1 to 50)**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**

**[Cal. Gov't Code §§12940(k)]**

74.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

75.     The FEHA imposes an affirmative and mandatory duty on employers "to take all reasonable steps necessary to prevent discrimination and harassment from occurring." (Cal. Gov. Code § 12940(k); see also *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* (2002) 103 Cal.App.4th 1021, 1035.) Reasonable steps include, at a minimum, "immediate corrective action that is reasonably calculated to (1) end the current harassment and (2) to deter future harassment." (*M.F. v. Pacific Pearl Hotel Management LLC* (2017) 16 Cal.App.5th 693, 701.)

76.     Moreover, in accordance with the "fundamental public policy of eliminating discrimination in the workplace under the FEHA," California courts have concluded that "retaliation is a form of discrimination actionable under [Gov. Code] section 12940, subdivision (k)." (*Taylor v. City of Los Angeles Dept. of Water & Power* (2006) 144 Cal.App.4th 1216, 1240 [disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158]; *Dept. of Fair Employment & Housing v. M&N Financing Corp.* (2021) 69 Cal.App.5th 434, 445.)

77.     During her employment, Plaintiff was subjected to race discrimination, harassment, and retaliation for opposing and reporting Defendants' discriminatory and harassing conduct, as set forth herein.

78.     Defendants failed to take all reasonable steps necessary to prevent the unlawful discrimination, harassment and retaliation committed against Plaintiff. For instance, although Defendants claimed to have initiated several investigations into the Store Manager and other employees' discriminatory and harassing conduct, and even substantiated Plaintiff's complaints, Defendants nevertheless failed to take any reasonable remedial steps to address the Store Manager and other employees' discriminatory and harassing behavior. Rather, Defendants continued to allow Plaintiff to be subjected to oppressive retaliatory actions and conduct, including overlooking her for promotions, creating

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

14

a hostile work environment, reprimanding her in front of Defendants customers and her colleagues, lodging false complaints and coaching against her, alienating her from her peers, subjecting her to intolerable working conditions, adversely affecting her ability to perform her job responsibilities, demoting her, and other such adverse employment actions, which ultimately resulted in her wrongful termination.

79.     Defendants, through its agents and/or supervisors, knew or should have known of the discriminatory, harassing, and retaliatory conduct and failed to take immediate and appropriate corrective action to permanently end and further deter unlawful behavior.

80.     Plaintiff believes that her race, color, and/or national origin, and/or some combination of these protected characteristics under the FEHA were substantial motivating factors in Defendants' decision to subject Plaintiff to the aforementioned harassment.

81.     Based on information and belief, other employees similarly situated to Plaintiff did not suffer the aforementioned adverse employment actions. Specifically, the other employees were not constantly being overlooked for promotions, having false write-ups and coaching lodged against them for events that never occurred, receiving negative points for events that never occurred, getting reprimanded in front of customers and colleagues, being demoted for taking approved CFRA leave, nor wrongfully terminated for lodging bona-fide complaints with HR and the Corporate Headquarters.

82.     Defendants' failure to take all steps reasonably necessary to prevent discrimination, harassment, and retaliation violated the FEHA and allowed Plaintiff to be harassed, discriminated, and retaliated against. Such violations were a proximate cause in Plaintiff's damages, as stated below.

83.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, related employment benefits, and employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

84.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

85.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

15

1   has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to

2   be determined at trial.

3      86.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled

4   to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code

5   § 12965(b).

6      87.    Plaintiff requests further relief as described in the below prayer.

7                              **FIFTH CAUSE OF ACTION**

8                    **(Plaintiff Against All Defendants and/or Does 1 to 50)**

9            **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA")**

10                              **[Cal. Gov. Code §12945.2]**

11     88.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all

12   paragraphs of this Individual Complaint.

13     89.    The CFRA is a portion of the FEHA that provides "protections to employees needing

14   family leave or medical leave." (*Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1, 6.)

15     90.    CFRA enables an employee to take up to 12 workweeks off in any 12-month period if: (1)

16   the employee worked for the company for at least 12 months; (2) the employee worked at least 1250 hours;

17   (3) the employer does business in California; and (4) the employer has 20 or more employees within a 75-

18   mile radius of the working location. (*Nelson v. United Technologies* (1999) 74 Cal.App.4th 597, 606).

19     91.    For an employee to be entitled to a medical leave for her own serious health condition, the

20   condition must cause her to be unable to work at all or unable to perform one or more of the essential

21   functions of her position." (*Neisendorf v. Levi Strauss & Co.* (2006) 143 Cal.App.4th 509, 516-517).

22     92.    Most importantly, an employee who takes CFRA leave is guaranteed that taking leave will

23   not result in a loss of job security or in other adverse employment actions. (Cal. Gov. Code §12945.2(l);

24   *Neisendorf, supra,* 143 Cal.App.4th at p. 517).

25     93.    Defendants were and are a covered employer under CFRA.

26     94.    Plaintiff was an eligible employee on an approved CFRA leave for a serious health

27   condition, i.e., placed on stress leave by her physician, which made her unable to perform the functions of

28   her position.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

16

95.     Defendants violated the CFRA by, inter alia, refusing to reinstate Plaintiff to her prior position or a comparable position, ultimately demoting Plaintiff, cutting her hours from full-time to part time, and subsequently terminating Plaintiff's employment upon her return from CFRA leave.

96.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, related employment benefits, and employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

97.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

98.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to be determined at trial.

99.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code § 12965(b).

100.    Plaintiff requests further relief as described in the below prayer.

## SIXTH CAUSE OF ACTION

### (Plaintiff Against All Defendants and/or Does 1 to 50)

### INTERFERENCE WITH EXERCISE OF CFRA RIGHTS

### [Cal. Gov. Code §12945.2 *et al.*]

101.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

102.    The CFRA provides that an employer must provide an eligible employee with up to twelve (12) workweeks of leave for her own medical condition. The CFRA also requires the employer to guarantee the eligible employee the same or a comparable position upon the termination of the leave.

103.    Plaintiff is an eligible employee under the CFRA.an employee who takes CFRA leave is guaranteed that taking leave will not result in a loss of job security or in other adverse employment actions.

17

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1 (Cal. Gov. Code §12945.2(l); *Neisendorf, supra,* 143 Cal.App.4th at p. 517).

2    104.    Defendants were and are a covered employer under CFRA.

3    105.    Plaintiff was an eligible employee on an approved CFRA leave for a serious health

4 condition, i.e., placed on stress leave by her physician, which made her unable to perform the functions of

5 her position.

6    106.    Defendants interfered with Plaintiff's CFRA rights by refusing to reinstate Plaintiff to her

7 prior position or a comparable position, ultimately demoting Plaintiff, cutting her hours from full-time to

8 part time, and subsequently terminating Plaintiff's employment upon her return from CFRA leave.

9    107.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

10 has sustained and continues to sustain substantial losses in earnings, related employment benefits, and

11 employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an

12 amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

13    108.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

14 has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and

15 physical pain and anguish, all to her damage in a sum to be established according to proof.

16    109.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

17 has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to

18 be determined at trial.

19    110.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled

20 to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code

21 § 12965(b).

22    111.    Plaintiff requests further relief as described in the below prayer.

23               **SEVENTH CAUSE OF ACTION**

24        **(Plaintiff Against All Defendants and/or Does 1 to 50)**

25        **RETALIATION FOR EXERCISE OF CFRA RIGHTS**

26               **[Cal. Gov. Code §12945.2 *et al.*]**

27    112.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all

28 paragraphs of this Individual Complaint.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

18

113. The CFRA makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises her right to family care leave. (Cal. Gov. Code § 12945.2(1) ("It shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of ... [a]n individual's exercise of the right to family care and medical leave."); *see also* 2 Cal. Code Regs. § 11089(a)(2).)

114. Defendants were and are a covered employer under CFRA.

115. Plaintiff was an eligible employee on an approved CFRA leave for a serious health condition, i.e., placed on stress leave by her physician, which made her unable to perform the functions of her position.

116. Defendants retaliated against Plaintiff for exercising her CFRA rights by refusing to reinstate Plaintiff to her prior position or a comparable position, ultimately demoting Plaintiff, cutting her hours from full-time to part time, and subsequently terminating Plaintiff's employment upon her return from CFRA leave.

117. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, related employment benefits, and employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

118. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

119. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to be determined at trial.

120. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code § 12965(b).

121. Plaintiff requests further relief as described in the below prayer.

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

19

**EIGHTH CAUSE OF ACTION**

(Plaintiff Against All Defendants and/or Does 1 to 50)

**RETALIATION FOR REPORTING ILLEGAL ACTIVITY**

**[Cal. Lab. Code §1102.5]**

122.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

123.    Pursuant to California Labor Code §1102.5, an employer, or any person acting on behalf of the employer, is prohibited from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. (Cal. Lab. Code §1102.5)

124.    In order to establish a prima facie case of retaliation under California Labor Code §1102.5(b), the plaintiff must demonstrate that he or she engaged in a protected activity as set forth in Section 1102.5, that the employer subjected him or her to an adverse employment action, and a causal link between the two. (*McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443, 468.)

125.    A plaintiff who successfully prosecutes her claim for retaliation in violation of Section 1102.5 may recover compensatory damages, including economic and emotional distress damages. (*Gardenhire v. Housing Authority of the City of Los Angeles* (2000) 85 Cal.App.4th 236, 237, 240-241.)

126.    Plaintiff was engaged in the protected activity of opposing and reporting harassing and discriminatory conduct to Defendants' HR Department and Corporate Headquarters. Specifically, Plaintiff lodged several complaints to Defendants HR Department regarding the discrimination and harassment she endured, to no avail. In December 2020, Plaintiff began to alert Defendants' Corporate Headquarters of the discrimination, harassment, and retaliation she endured. Each time that Defendants' Corporate Headquarters investigated Plaintiff's claims, it confirmed Plaintiff's allegations that the write-ups and

20

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1   coaching were false and unwarranted, and subsequently restored her points. Even though Defendants'

2   claim that Plaintiff received her fifth (5th) and on her final point via Defendants point system was

3   unsubstantiated and later overturned by Defendants' Corporate Headquarters, Defendants still wrongfully

4   terminated Plaintiffs' employment.

5        127.   As a result of Plaintiff reporting and opposing unlawful discrimination and harassment,

6   Defendants subjected Plaintiff to oppressive retaliatory actions and conduct, including overlooking her

7   for promotions, creating a hostile work environment, reprimanding her in front of Defendants customers

8   and her colleagues, lodging false complaints and coaching against her, alienating her from her peers,

9   subjecting her to intolerable working conditions, adversely affecting her ability to perform her job

10  responsibilities, demoting her, and other such adverse employment actions, which ultimately resulted in

11  her wrongful termination.

12       128.   As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

13  has sustained and continues to sustain substantial losses in earnings, related employment benefits, and

14  employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an

15  amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

16       129.   As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

17  has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and

18  physical pain and anguish, all to her damage in a sum to be established according to proof.

19       130.   As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff

20  has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to

21  be determined at trial.

22       131.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled

23  to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code

24  § 12965(b).

25       132.   Plaintiff requests further relief as described in the below prayer.

26  ///

27  ///

28  ///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

INDIVIDUAL COMPLAINT

**NINTH CAUSE OF ACTION**

**(Plaintiff Against All Defendants and/or Does 1 to 50)**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

133.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Individual Complaint.

134.    California law prohibits an employer from terminating an employee in violation of fundamental public policies. It is the fundamental public policy of the State of California, as codified under, *inter alia*, California Government Code § 12940, *et. seq.*, California Government Code § 12945.2, and Article I, Section 8 of the California Constitution, for employees to be free from discrimination, harassment, and retaliation based on race, retaliation for engaging in protected activity, and interference and retaliation for exercising their CFRA rights.

135.    Defendants violated all of these fundamental public policies by terminating Plaintiff's employment.

136.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, related employment benefits, and employment opportunities. Plaintiff has suffered and continues to suffer other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

137.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

138.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has incurred and will continue to incur psychological and medical expenses all to her damage in a sum to be determined at trial.

139.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to, and therefore seeks to recover, prevailing party attorney's fees and costs pursuant to Government Code § 12965(b).

140.    Plaintiff requests further relief as described in the below prayer.

/ / /

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. General, compensatory, and special damages as set forth through the complaint according to proof with prejudgment interest thereon to the extent allowable by law;

b. Punitive damages in an amount necessary to make an example of and to punish Defendants, and to deter future similar misconduct;

c. Damages for severe emotional distress, fear, humiliation, grief, nervousness, worry, sadness, anger, frustration, embarrassment, helplessness, stress, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter;

d. Back pay, front pay, and other monetary relief, as permitted by law;

e. Attorneys' fees and litigation costs, as permitted by law;

f. Pre- and post- judgment interest, as permitted by law;

g. For a mandatory injunction requiring Defendants to implement and maintain policies and procedures to effectively train and supervise employees in FEHA's prohibitions against racial discrimination, harassment, and retaliation; and

h. Any other relief, the Court may deem as just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

Dated: June 7, 2022                    GRAHAM**HOLLIS** APC

By: _____

GRAHAM S.P. HOLLIS
VILMARIE CORDERO
HALI M. ANDERSON
ALYSSA L. SMITH
*Attorneys for Plaintiff Kristina Seals*

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

23

INDIVIDUAL COMPLAINT

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 7, 2021

Kristina Seals
16135 Haskins ln
Carson, California 90746

RE:   **Notice to Complainant**
      DFEH Matter Number: 202106-13795107
      Right to Sue: Seals / Walmart Neighborhood Market

Dear Kristina Seals:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 7, 2021

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202106-13795107
       Right to Sue: Seals / Walmart Neighborhood Market

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete. To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 7, 2021

Kristina Seals
16135 Haskins ln
Carson, California 90746

RE: **Notice of Case Closure and Right to Sue**
   DFEH Matter Number: 202106-13795107
   Right to Sue: Seals / Walmart Neighborhood Market

Dear Kristina Seals:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 7, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

1
2
3
4

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

5   Kristina Seals                                   DFEH No. 202106-13795107

6                                    Complainant,

7   vs.

8   Walmart Neighborhood Market
    14441 Inglewood Ave
9   Carson, California 90746

10                                   Respondents

11   ─────────────────────────────────────

12   **1.** Respondent **Walmart Neighborhood Market** is an **employer Walmart Neighborhood
13   Market** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov.
     Code, § 12900 et seq.).
14

15
16   **2.** Complainant **Kristina Seals**, resides in the City of **Carson,** State of **California.**

17   **3.** Complainant alleges that on or about **May 28, 2021**, respondent took the following
18   adverse actions:

19   **Complainant was harassed** because of complainant's race, color.

20   **Complainant was discriminated against** because of complainant's race, color, other,
     sexual harassment- hostile environment and as a result of the discrimination was forced to
21   quit, denied hire or promotion, reprimanded, denied equal pay, demoted, denied any
     employment benefit or privilege, other, denied family care or medical leave (cfra).
22

23   **Complainant experienced retaliation** because complainant reported or resisted any form
     of discrimination or harassment, participated as a witness in a discrimination or harassment
24   complaint, requested or used family care or medical leave (cfra) and as a result was forced
     to quit, denied hire or promotion, reprimanded, demoted, denied any employment benefit or
25   privilege.

26

27                                        -1-
                         *Complaint – DFEH No. 202106-13795107*
28
     Date Filed: June 7, 2021

**Additional Complaint Details:** The reasons I feel I've been discriminated against I raised awareness of being unfairly demoted, next followed by management on breaks and lunches. Next associates were being told to assist in watching me! I was then coached to prevent me from getting promoted! When addressing management in currently being forced to quit or transfer I denied and now they are stealing my vacation time which is PTO and PPTO which I never asked for!I also participated in 2 different (lawsuits) with other employees which is leading to more retaliation. Finally I have been with Walmart 7yrs never have I been promoted until March 2019-March 2020 demoted I know for sure it was because of race, as well as aiding information to inquiring parties due to racism and harassment of other co-workers. On top of all I am going through the store Mgr has reprimanded me in front of customers as well as assisted in falsifying documents to prevent promotions as well as stealing my ppto! Walmart is racist unfair because as I have reached to corporate it get worse not better there is no end! Please hell I have emails and associates names that can witness for a year I have reached out and the discrimination continues I'm being forced to quit now a whole year straight I've been stressed and I have developed high blood pressure due to stress on the job! Which led to 1month leave from my doctor taking me off due to stress on the job! I also requested time off for 5.30-6-2.2021 and was denied with no reason!

-2-
*Complaint – DFEH No. 202106-13795107*

Date Filed: June 7, 2021

VERIFICATION

I, **Kristina Seals**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 7, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Carson, California**

-3-
*Complaint – DFEH No. 202106-13795107*

Date Filed: June 7, 2021

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Hali Anderson
3555 Fifth Avenue, Suite 200
San Diego, CA 92103

RE:    **Notice to Complainant's Attorney**
         DFEH Matter Number: 202106-13795107
         Right to Sue: Seals / Walmart Neighborhood Market

Dear Hali Anderson:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

1
2
3
4

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

5  Kristina Seals                                                DFEH No. 202106-13795107

6                                        Complainant,

7  vs.

8  Walmart Neighborhood Market
   14441 Inglewood Ave
9  Hawthorne, CA 90250

10                                       Respondents

11  _____

12  **1.** Respondent **Walmart Neighborhood Market** is an **employer** subject to suit under the
13  California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15  **2.** Complainant **Kristina Seals**, resides in the City of **Carson**, State of **California.**

16

17  **3.** Complainant alleges that on or about **April 11, 2022**, respondent took the
    following adverse actions:

18

19  **Complainant was harassed** because of complainant's race, color.

20  **Complainant was discriminated against** because of complainant's race, color and as a
    result of the discrimination was terminated, denied hire or promotion, reprimanded,
    demoted, denied work opportunities or assignments, denied family care or medical leave
21  (cfra).

22  **Complainant experienced retaliation** because complainant reported or resisted any form
    of discrimination or harassment, requested or used family care or medical leave (cfra) and
23  as a result was terminated, denied hire or promotion, reprimanded, demoted, denied work
    opportunities or assignments, denied family care or medical leave (cfra).

24

25

26                                          -1-
                              *Complaint – DFEH No. 202106-13795107*

27
    Date Filed: June 7, 2021
28  Date Amended: June 7, 2022

                                                    Form DFEH-ENF 80 RS (Revised 02/22)

**Additional Complaint Details:** Complainant worked for Wal-Mart Associates, Inc., often referred to as "Walmart Neighborhood Market," ("Wal-Mart") at its Hawthorne location ("Walmart NHM #5604") from September 3, 2014 until she was wrongfully terminated on April 11, 2022. Complainant is an African-American female and was employed at a Wal-Mart location that was primarily comprised of Hispanic male employees. On September 3, 2014, Complainant was hired for the Temporary Associate/Cashier position. Throughout the Complainant's employment, she was subjected to harassment, discrimination, and retaliation based on her race.

For example, although Complainant was consistently rated a "Solid Performer throughout her seven (7) years of employment," as indicated in her Wal-Mart's employee evaluations, she was always overlooked for promotions. To be considered, employees had to take a test for the desired position on "Team Lead and Academy Trainer, Wal-Mart's employment web portal. If the employee received a "competitive" result, they should automatically be given the opportunity to interview for the position. Although Complainant always received "competitive" results, Wal-Mart refused to let her interview. In fact, Complainant was not promoted to her first full-time permanent role as a Customer Service Desk Associate until March 3, 2017.

After making several complaints to HR, Complainant was finally given the opportunity to interview and was promoted to the Customer Service Manager position on December 26, 2018. Unfortunately Maurico, the Store Manager, was upset by this promotion and the discrimination, harassment, and retaliation worsened. For example, Wal-Mart improperly deducted her accrued PTO hours, and lodged false "write-ups" and "coaching" complaints against her for events that never occurred, which resulted in false "negative points" being added to her employment file.

On November 24, 2020, Complainant requested a private meeting with Mauricio. Mauricio, who was visibly upset, approached Complainant in front of customers and yelled, "What do I want?" Complainant asked Mauricio why she was being treated in this manner. He responded, "You are 100% not and will never be good enough." In December 2020, Complainant began to alert Corporate of the discrimination, harassment, and retaliation she endured. Corporate investigated her claims and confirmed the write-ups and coaching were false and restored her points.

From January 2021 to March 2021, Complainant began to be followed around the store and harassed more by Mauricio and other employees. When she asked Miguel, the Loss Prevention Associate, why he was following her, he replied that Mauricio directed the employees to "follow" her around the store to "watch her." In addition, several employees confirmed that Mauricio informed them that he planned to "get rid of Complainant to ensure that only Hispanic employees got management positions." Complainant also started to be ostracized by her colleagues and her hours were being reduced. From April 7, 2021 to May 14, 2021, Complainant was placed on stress leave. When she returned, she was demoted to a part-time Front End Services TA position, given another false write-up, and ultimately terminated on April 11, 2022.

-2-
*Complaint – DFEH No. 202106-13795107*

Date Filed: June 7, 2021
Date Amended: June 7, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1 | VERIFICATION

2 | I, **Hali Anderson**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
   | on information and belief, which I believe to be true.

4 |
   | On June 7, 2021, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 |                                                                                  **San Diego, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |                                                    -3-
   |                                 *Complaint – DFEH No. 202106-13795107*

27 |
    | Date Filed: June 7, 2021
28 | Date Amended: June 7, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* 22TRCV00451 | FOR COURT USE ONLY |
|---|---|

GRAHAMHOLLIS APC; Graham S.P. Hollis(SBN 120577)/Hali M. Anderson (SBN 261816)/ Alyssa L. Smith (PL-510067)

3555 Fifth Avenue, Suite 200, San Diego, California 92103

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2022 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

TELEPHONE NO.: 619-692-0800   FAX NO. *(Optional):* 619-692-0822

ATTORNEY FOR *(Name)*: Plaintiff Kristina Seals

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 825 Maple Ave
MAILING ADDRESS: 825 Maple Ave
CITY AND ZIP CODE: Torrance 90503
BRANCH NAME: Torrance Courthouse

CASE NAME:
SEALS V. WAL-MART ASSOCIATES, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | **22TRCV00451** |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 9 (Nine)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/7/2022

Hali M. Anderson
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
  Physicians & Surgeons
  Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
  Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Seals v. Wal-Mart Associates, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Seals v. Wal-Mart Associates, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2 ③ |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Seals v. Wal-Mart Associates, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Seals v. Wal-Mart Associates, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>14441 Inglewood Avenue |
|---|---|
| CITY:<br>Hawthorne | STATE:<br>CA | ZIP CODE:<br>90250 |  |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Southwest Judicial _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 6/7/2022 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/07/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ T. Rhodes _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22TRCV00451 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Gary Y. Tanaka | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/10/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By T. Rhodes _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   
   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
     - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
       - Free, day- of- trial mediations at the courthouse. No appointment needed.
       - Free or low-cost mediations before the day of trial.
       - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
         http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the Internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

 

**dcba.lacounty.gov**

# Resolve your lawsuit online before your trial date

 

**Use Online Dispute Resolution from the County of Los Angeles Department of Consumer and Business Affairs. Our mediation services are available at no cost and can help you resolve your case from the comfort of your own home.**

## How We Can Help:

**Efficient and effective:** With Online Dispute Resolution, you are in control, not the courts. You decide whether a settlement is right for you. You save time and money, and avoid the inconvenience of going to Small Claims Court.

**Flexible:** You can select the schedule and type of Online Dispute Resolution that works best for you. You can live chat with a mediator, submit an offer to settle, or participate in a video mediation.

**Experienced:** Our trained mediators are neutral third parties who can help you reach a reasonable settlement.

## How to get started with Online Dispute Resolution:

### Visit our website

dcba.lacounty.gov

### Email us at

mediation@dcba.lacounty.gov

### Or call

(213) 974-0826

 

**dcba.lacounty.gov**

# Resuelva su demanda por Internet antes de la fecha de su juicio

 

**Use el servicio virtual de resolución de disputas (Online Dispute Resolution) del Departamento de Servicios Para Consumidores y Negocios del Condado de Los Ángeles. Nuestros servicios son gratuitos y pueden ayudarle a resolver su caso desde la comodidad de su hogar.**

### Podemos ayudarle. Nuestro servicio es:

**Eficiente y Eficaz:** Con el servicio de resolución de disputas, usted está en control, no la corte. Usted decide si está satisfecho con el acuerdo logrado. Este método le puede ahorrar tiempo, dinero y evitarle la inconveniencia de ir a corte.

**Flexible:** Puede utilizar nuestro sistema virtual para seleccionar la fecha y el método más conveniente para usted. También podrá elegir la opción de comunicarse con su mediador por "chat", proponer su propio acuerdo, o participar en sesiones de mediación por videoconferencia.

**Profesional:** Nuestros mediadores están capacitados, son imparciales, y podrán ayudarle en llegar a un acuerdo razonable.

### Como iniciar una resolución con nuestro servicio:

**Visite Nuestra Sitio Web**

dcba.lacounty.gov

**Envié un Correo Electrónico**

mediation@dcba.lacounty.gov

**O Llame**

(213) 974-0826

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-(INSERT DATE) complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE. | CASE NUMBER |
|---|---|
|  |  |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____       ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date: _____

_____          ➤          _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                        JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).
3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. **For an Answer to Request for Informal Discovery Conference, briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)        **INFORMAL DISCOVERY CONFERENCE** <br> LASC Approved 04/11     (pursuant to the Discovery Resolution Stipulation of the parties)

06232302

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Torrance Courthouse 825 Maple Avenue, Torrance, CA 90503 | **FILED** Superior Court of California County of Los Angeles 06/14/2022 Sherri R. Carter, Executive Officer / Clerk of Court By _____ M. Fondon _____ Deputy |
| **PLAINTIFF/PETITIONER:** Kristina Seals | |
| **DEFENDANT/RESPONDENT:** Wal-Mart Associates, Inc. | |
| **CERTIFICATE OF MAILING** | **CASE NUMBER:** 22TRCV00451 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hall Anderson
Graham Hollis APC
3555 Fifth Avenue Suite 200
San Diego, CA 92103

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/14/2022               By: M. Fondon
                                       Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** <br> **Torrance Courthouse** <br><br> **825 Maple Avenue, Torrance, CA 90503** | **FILED** <br> Superior Court of California <br> County of Los Angeles <br> **06/14/2022** <br> Sherri R. Carter, Executive Officer / Clerk of Court <br> By: _____ **M. Fondon** _____ Deputy |
| **PLAINTIFF(S):** <br> Kristina Seals | |
| **DEFENDANT(S):** <br> Wal-Mart Associates, Inc. | |
| **ORDER TO SHOW CAUSE HEARING** | **CASE NUMBER:** <br> 22TRCV00451 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>11/10/2022</u> at <u>8:30 AM</u> in department<u>B</u> of this court, <u>Torrance Courthouse</u>
and show cause why sanctions should not be imposed for:

[✓]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Gary Y. Tanaka**

Dated: <u>06/14/2022</u>

Gary Y. Tanaka / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fondon _____ Deputy |
| **PLAINTIFF:**<br>Kristina Seals | |
| **DEFENDANT:**<br>Wal-Mart Associates, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:**<br>22TRCV00451 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date:<br>02/14/2023 | Time:<br>8:30 AM | Dept.:<br>B |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

**Gary Y. Tanaka**

Dated: __06/14/2022__

__Gary Y. Tanaka / Judge__
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Torrance_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Hall Anderson
3555 Fifth Avenue Suite 200

San Diego, CA 92103

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __06/14/2022__

By __M. Fondon__
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three



225 N Brand Blvd
Glendale, CA 91203-2609
(818) 500-1811

Terminal: 3702MIX02
7/29/2022 11:01
Receipt #: 3702TJA4885
Type: Purchase

| Qty | Description | Amount |
|-----|-------------|--------|
| 61 | PNG B&W S/S 8.5x11 & 8.5x14 | 10.37 |

| | | |
|---|---|---|
| SubTotal | | 10.37 |
| District tax | | 0.31 |
| City tax | | 0.00 |
| County tax | | 0.13 |
| State tax | | 0.62 |
| Total | USD | $11.43 |

Acct #:*************3274
CAPITAL ONE
Chip Read
Auth No.: 04517B
Mode: Issuer
AID: A0000000041010
NO CVM
CVM Result: 1F0302
TVR: 0000008000
IAD:
0110607001220000BE4100000000000000FF
TSI: E800
ARC: 00
APPROVED

The Cardholder agrees to pay the Issuer
of the charge card in accordance with
the agreement between the Issuer and
the Cardholder.



Tell us how we're doing and
receive $5 off your next $30
print order*. Complete our survey
by scanning the QR code below,
visit **fedex.com/welisten**.



Offer expires 12/31/2022

*$5 off print order of $30.00 or more. Discount applies to orders placed
in a FedEx Office store or online through FedEx Office® Print Online.
Offer is valid at time of purchase only, no cash value and may not be
discounted or credited toward past or future purchases; discount cannot
be used in combination with custom-bid orders, other coupons, or
discounts, including account pricing. Discount not valid on the following
products and services: finishing only orders; self-service print, photo
station, fax or scan; direct mail, EDDM® or postage. Does not apply to
shipping, Custom Branded boxes, such or delivery charges. Does not
apply to retail products. No cash value. Offer void where prohibited or
restricted by law. Products, services and hours may vary by location.
© 2022 FedEx. All rights reserved. Offer expires 12/31/2022.

By submitting your project to FedEx Office
or by making a purchase in a FedEx Office
store, you agree to all FedEx Office terms
and conditions, including limitations
of liability.

Request a copy of our terms and
conditions from a team member or visit
**fedex.com/officeserviceterms** for details.

Page 1 of 2



225 N Brand Blvd
Glendale, CA 91203-2609
(818) 500-1811


Terminal: 3702MIX02
7/29/2022 11:01
Receipt #: 3702TJA4885
Type: Purchase



Tell us how we're doing and receive $5 off your next $30 print order*. Complete our survey by scanning the QR code below, visit **fedex.com/welisten**.



Offer expires 12/31/2022

*$5 off print order of $30.00 or more. Discount applies to orders placed in a FedEx Office store or online through FedEx Office® Print Online. Offer is valid at time of purchase only, no cash value and may not be discounted or credited toward past or future purchases; discount cannot be used in combination with customer-bid orders, other coupons, or discounts, including account pricing. Discount not valid on the following products and services: finishing only orders; self-service print, photo station, fax or scan; direct mail, EDDM® or postage. Does not apply to shipping, Custom Standard boxes, rush or delivery charges. Does not apply to retail products. No cash value. Offer void where prohibited or restricted by law. Products, services and hours may vary by location. © 2022 FedEx. All rights reserved. Offer expires 12/31/2022.

By submitting your project to FedEx Office or by making a purchase in a FedEx Office store, you agree to all FedEx Office terms and conditions, including limitations of liability.

Request a copy of our terms and conditions from a team member or visit **fedex.com/officeserviceterms** for details.