# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 08/26/2022 03:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez,Deputy Clerk

Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Megan A. Mackie, State Bar No. 325004
mam@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Wal-Mart Associates, Inc.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT**

KRISTINA SEALS, an individual,

Plaintiff,

v.

WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 THROUGH 50, inclusive,

Defendant.

Case No. 22TRCV00451

**Assigned for All Purposes: Honorable Gary Y. Tanaka Department B**

**DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO COMPLAINT**

Action Filed: June 7, 2022
Trial Date: None

Defendant Wal-Mart Associates, Inc. ("Walmart" or "Defendant") hereby answers the complaint ("Complaint") filed by Plaintiff Kristina Seals ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30, subdivision (d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed by Plaintiff. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or on the part of any agent or employee of Defendant, or any of them.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint and causes of action alleged therein are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action or for which relief may be granted.

### AFFIRMATIVE DEFENSE

**(Statutes of Limitations)**

2. The Complaint and causes of action alleged therein are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Government Code sections 12960(e) and 12965(b); Code of Civil Procedure sections 335.1, 338(a), 338(c), 338(d), 340(a), and 343; and any other applicable statutes of limitation.

### AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies as to FEHA Claims)**

3. The Complaint and causes of action alleged therein are barred, in whole or in part, because the Court lacks jurisdiction over Plaintiff's Complaint and claims, or the facts alleged in support thereof, as a result of Plaintiff's failure to timely exhaust her administrative remedies before the United States Equal Employment Opportunity Commission and/or the California Department of Fair Employment and Housing.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

4. Plaintiff is not entitled to recovery of any compensatory or other monetary damages from Defendant for any alleged vexation, injury or annoyance, or physical, mental or emotional distress or discomfort, or negligent or intentional acts on the grounds that (1) Plaintiff's exclusive remedy for such alleged injury arises under the California Workers' Compensation Act and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Appeals Board, California Labor Code Section 3600 *et seq*., and (2) that Plaintiff failed to pursue and/or exhaust his or her remedies, if any, under the California Workers' Compensation Act or before the California Workers' Compensation Appeals Board.

**AFFIRMATIVE DEFENSE**

**(Failure to Utilize Policy)**

5. The Complaint and causes of action alleged therein are barred, in whole or in part, because Defendant at all relevant times exercised reasonable care to prevent or correct any allegedly unlawful behavior in the workplace, including any alleged discrimination, harassment, or retaliation, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

**AFFIRMATIVE DEFENSE**

**(Failure to Comply with Company Policies)**

6. The Complaint, and alleged causes of action therein, are barred to the extent Plaintiff failed to comply with the established policies and procedures of Defendant.

**AFFIRMATIVE DEFENSE**

**(Justification)**

7. The Complaint and causes of action alleged therein are barred, in whole or in part, because Defendant's actions with respect to the subject matter in each of the alleged causes of action

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in business activities.

**AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. The Complaint and causes of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands because of Plaintiff's own conduct and actions.

**AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff is estopped from asserting each of the claims alleged therein.

**AFFIRMATIVE DEFENSE**

**(Waiver)**

10. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff has waived the right, by reason of her conduct and actions, to assert each of the claims alleged herein.

**AFFIRMATIVE DEFENSE**

**(Laches)**

11. The Complaint and causes of action alleged therein are barred, in whole or in part, by the doctrine of laches.

**AFFIRMATIVE DEFENSE**

**(Manager Acted Outside Scope)**

12.     If any manager or supervisor of Defendant discriminated, harassed, or retaliated against an employee (which Defendant denies), or acted any way to deprive any employee of his or her rights, such supervisor or manager acted outside the scope of his or her employment and/or in violation of Defendant's policy.

**AFFIRMATIVE DEFENSE**

**(No Certification from Health Care Provider)**

13.     The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff did not timely provide Defendants with certification from a health-care provider, and did not otherwise have a serious medical condition, as required by California Government Code Sections 12945.2 *et seq*.

**AFFIRMATIVE DEFENSE**

**(Treatment No Different in the Absence of Discriminatory or Retaliatory Motive)**

14.     The Complaint, and alleged causes of action therein, are barred in whole or in part on the grounds that even assuming, *arguendo*, that any discriminatory or retaliatory motive existed, which it did not, Plaintiff would have been treated no differently in the absence of such discriminatory or retaliatory motive.

**AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

15.     Plaintiff's complaint, and alleged causes of action therein, are barred in whole or in part on the grounds that Defendant's actions were made for legitimate, non-discriminatory and non-retaliatory business-related reasons which were neither arbitrary, capricious, nor unlawful.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSE**

**(No Protected Activity)**

16. The Complaint and alleged causes of action therein, are barred, in whole or in part, because Plaintiff did not engage in any protected activity contemplated by Labor Code Section 1102.5.

**AFFIRMATIVE DEFENSE**

**(Uncertainty)**

17. Plaintiff's losses, if any, are speculative or uncertain or both, and therefore not compensable.

**AFFIRMATIVE DEFENSE**

**(No Ratification)**

18. Plaintiff's purported damages are barred, in whole or in part, because if any person engaged in intentional or willful unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

**AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

19. Plaintiff's Prayer for Relief is barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003).

**AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence Doctrine)**

20. Plaintiff's purported damages are barred, in whole or in part, by the after-acquired evidence doctrine.

**AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

21. Any damages or losses allegedly sustained by Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

**AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

22. Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general or such award under California law as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Recoverable Against Corporate Defendant)**

23. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds the alleged acts were not committed by an officer, director or managing agent, nor were they authorized or ratified by an officer, director or managing agent, nor did Defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights and safety of others.

**AFFIRMATIVE DEFENSE**

**(Bad Faith and Frivolous Action)**

24. Defendant alleges that Plaintiff's Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous, and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure Code sections 128.5 and 128.7.

**ADDITIONAL AFFIRMATIVE DEFENSES**

25. Because Plaintiff's allegations and causes of action are stated in vague and conclusory terms, Defendant cannot fully anticipate each affirmative defense that may be applicable to this action. Accordingly, Defendant reserves the right to plead additional affirmative defenses, if and to the extent that such affirmative defenses are available.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its attorneys' fees and costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DATED: August 26, 2022

PAYNE & FEARS LLP
Attorneys at Law

By: /s/ *Megan A. Mackie*
DANIEL F. FEARS
ANDREW K. HAEFFELE
MEGAN A. MACKIE

Attorneys for Wal-Mart Associates, Inc.

4872-5393-7710.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-9-
DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**PROOF OF SERVICE**

**Kristina Seals v. Walmart Associates Inc.**
**22TRCV00451**
**Los Angeles Superior Court**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On August 26, 2022, I served true copies of the following document(s) described as **DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Graham S.P. Hollis
Vilmarie Cordero
Hali M. Anderson
Alyssa L. Smith
GRAHAMHOLLIS APC
3555 Firth Avenue, Suite 200
San Diego, CA 92103
Telephone: (619) 692-0800
Facsimile: (619) 692-0822
Email: ghollis@grahamhollis.com
vcordero@grahamhollis.com
handerson@grahamhollis.com
asmith@grahamhollis.com

Attorneys for Plaintiff:
Kristina Seals

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address abarrantes@paynefears.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2022, at Irvine, California.

/s/ Arlene Barrantes
Arlene Barrantes